Dear Ms. Harris-Kennerson:
You have requested an opinion of the Attorney General in your capacity as legal counsel for the Greater Krotz Springs Port Commission (Commission). You state that it has been the practice of the Commission to prepare and serve a meal at the conclusion of its regularly scheduled monthly meetings. There are no alcoholic beverages served with the meal. You further state that, in the event prospective clients, port tenants, elected municipal officials and/or legislators attend a meeting, they are invited to dine with commission members. The cost of the meals are paid from the self-generated revenues of the Commission. You ask whether this practice is legally permissible.
In answer to your question, it is the opinion of this office that the Commission can use its funds to host a luncheon for the dignitaries enumerated above under the following conditions: (1) the meal is served in connection with the official proceedings of the Commission (2) the cost of the meal is reasonable (3) the identity of the guests and their business relationships to the Commission are fully documented and (4) public funds are not used for the purchase of alcohol. We further recommend that you contact representatives of the Ethics Commission for their concurrence.
As previously noted, the Commission is funded through revenues generated from fees, charges and rents that it collects. You ask our opinion as to the identity and/or classification of these funds. In other words, do these funds constitute state funds, public funds, etc?
The Commission constitutes a political subdivision of the state pursuant to Article VI, Sections 43 and 44(2) of the 1974 Louisiana Constitution. Board of Commissioners of the Port ofNew Orleans, et al. v. Louisiana Commission on Ethics for PublicEmployees, 416 So.2d 231 (La.App. 1st Cir. 1982) rehearing denied, and Attorney General Opinion Nos. 95-439, 93-389, 93-341, 87-31, 83-288 and 77-36. As a political subdivision, it possesses those powers conferred by our state constitution and laws. These laws, specifically R.S. 34:1453, authorize the Commission to establish and collect the fees and rents comprising its self-generated revenues. While these revenues do not technically constitute state appropriated funds (see Attorney General Opinion No. 93-182), there is no question that they constitute public funds, the expenditure of which is governed and controlled by pertinent constitutional and statutory provisions. Attorney General Opinion No. 95-439.
Your third question pertains to R.S. 34:1453(B), as it relates to health insurance for Commission members. You ask whether the Commission should adopt a formal policy for the administration of its insurance program. R.S. 34:1453(B) provides, in pertinent part, the following:
 The commission is authorized to provide health insurance for its members, however no state funds shall be used to pay for such insurance.
In Attorney General Opinion No. 93-182, this office concluded that the Commission may use self-generated funds to provide health insurance for its members. This opinion is hereby affirmed. We further opine that the Commission should adopt a formal policy pursuant to which its insurance program should is administered. It has been, and continues to be, the opinion of this office that the premium payments should be uniform for all active members of a board and/or commission. Attorney General Opinion No. 99-149. The policy adopted by the Commission should reflect this tenet.
Your final question pertains to the meetings of the Commission. You state that the Commission usually convenes three meetings per month consisting of one monthly meeting of the full board and two standing committee meetings. You ask whether this practice is legally permissible.
In answer to your question, we refer you to R.S. 34:1452
which provides, in pertinent part, the following:
 § 1452. Officers of the board; meetings
 . . . The commission shall meet in regular session once each month, and shall also meet in special session at the call of the president of the commission, or on the written request of three members of the commission The commission shall prescribe rules to govern its meetings and shall fix the place at which meetings shall be held.
It is the opinion of this office that meetings of the Commission are governed by Section 1452. While the law limits regular session meetings to one per month, special meetings can be called by the president or convened upon the written request of three members of the Commission. We find term "special meetings" includes the standing committee meetings referenced above. Further, since the statute does not limit the number of special meetings, the calling of same would appear to lie within the sound discretion of the president and/or Commission members. The three meetings currently being held do not appear to constitute an abuse of this discretion. If the Commission has not already done so, we recommend that it prescribe formal rules to govern its meetings and fix the place at which meetings will be held, all in accordance with Section 1452.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj